942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Howard SLIKER, Defendant-Appellant.
 No. 89-10152.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Howard Sliker appeals his sentence under the United States Sentencing Guidelines ("Guidelines") following a guilty plea for manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Sliker contends that the district court erred by failing to exercise its discretion to depart downward from the Guidelines based on the sentencing disparity between Sliker and his codefendants. We lack jurisdiction and dismiss the appeal.
 
 
 3
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). Nevertheless, where it is the district court's legal conclusion that it lacks the authority to depart, this court may review the lower court's interpretation of the law. Id., 898 F.2d at 102-03 n. 2. We lack jurisdiction to review a refusal to depart even when the district court concludes that it lacks the authority to depart, if the district court simultaneously concludes that there are no facts to support the departure. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990).
 
 
 4
 Here, three of Sliker's four codefendants were not sentenced under the Guidelines because they were sentenced during the brief period when this circuit declared the Guidelines unconstitutional. See Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988), reversed sub nom., United States v. Chavez-Sanchez, 488 U.S. 1036 (1989). Two codefendants received two-year sentences, all but six months suspended. The third codefendant received a six year prison sentence. Sliker and the fourth codefendant, Jason Allison, were sentenced after Mistretta pursuant to the Guidelines. Allison received a 260 month prison sentence and Sliker received 240 months.
 
 
 5
 At his sentencing hearing, Sliker argued for a downward departure based on the apparent disparity between his recommended sentence and his codefendants' sentences. The district court flatly rejected Sliker's arguments, stating that Sliker's culpability far outweighed that of his codefendants. The district court found that Sliker's culpability was comparable to Allison's, and Allison was sentenced to 260 months in prison. At the close of the sentencing proceedings, the district court stressed,
 
 
 6
 "in an exercise of my discretion in sentencing [Sliker], I find no reason on anything submitted, either by way of the probation officer's report or your declarations or sentencing memorandum where I would wish to depart from sentencing...."
 
 
 7
 RT 3/20/89 at 37-38.
 
 
 8
 Clearly, the district court, in its discretion, chose not to depart. See Williams, 898 F.2d at 1403.[1] Accordingly, we are without jurisdiction to review the district court's decision. See id.
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument and therefore denies Sliker's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sliker's reliance on United States v. Ray, 930 F.2d 1368 (9th Cir.1990), where the district court departed downward from the Guidelines based on the disparity between defendant Ray's sentence and his codefendants' nonguidelines sentences, is misplaced. In Ray, the district court had the discretion to depart from the Guidelines based on the unusual circumstances existing during the period after Gubiensio-Ortiz and before Mistretta. Id. at 1373. Ray allows departure, but in no way demands it