24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael KILMAN, Defendant-Appellant.
 No. 92-50703.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1993.*
Decided May 9, 1994.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-92-0832-03-JNK; Judith N. Keep, Chief District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: FLETCHER, PREGERSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Kilman appeals his conviction and sentence following his guilty plea to conspiracy to possess methamphetamine for distribution, possession of methamphetamine for distribution, and aiding and abetting, in violation of 21 U.S.C. Secs. 846 and 841(a)(1) and 18 U.S.C. Sec. 2.
 
 
 3
 The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742.
 
 I.
 
 4
 On June 11, 1992, undercover Drug Enforcement Agent Patrick Ryan arrested Kilman and four others for methamphetamine violations. Shortly after his arrest, Kilman and the government entered into a plea agreement. In exchange for Kilman pleading guilty to a two-count Indictment, the government agreed to: 1) recommend an acceptance of responsibility reduction if Kilman's statements to the government were truthful, accurate and complete; 2) recommend a sentence at the low end of the applicable guideline range.
 
 
 5
 The plea agreement also stated that the government may, at its discretion, move for a downward departure under U.S.S.G Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e) based on Kilman's substantial "assistance to authorities".[1] Kilman agreed to waive the right to appeal his sentence as long as the district court did not impose a period of imprisonment greater than that recommended by the government pursuant to the plea agreement.
 
 
 6
 During his six sentencing hearings, Kilman made a variety of claims alleging governmental misconduct. The district court rejected all such claims. Kilman's offenses carried a mandatory minimum of 120 months. The probation officer computed Kilman's guideline range to be 188 to 235 months and recommended a 211 month sentence. The district court, which computed the guideline range to be 121 to 151 months, accepted the government's recommendation and sentenced Kilman to 121 months.[2]
 
 II.
 
 7
 The government argues that Kilman waived the right to appeal his sentence under the terms of the plea agreement.[3] Kilman does not address the waiver issue in his opening brief and did not file a reply brief. We review de novo whether a defendant waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 8
 In Paragraph 4 of the Plea Agreement, Kilman waived the right to appeal his sentence under 18 U.S.C. Sec. 3742(a) or any other ground "as long as the Court does not impose a period of imprisonment greater than that recommended by the Government pursuant to this plea agreement." SER 2. In this regard, the government agreed to: 1) recommend an adjustment for acceptance of responsibility if Kilman accepted responsibility and spoke truthfully to government agents; 2) recommend a sentence at the low end of the applicable guideline range. SER 3.
 
 
 9
 An express waiver of the statutory right to appeal in a plea agreement is valid if made knowingly and voluntarily. Id. at 480 (citing United States v. Novarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992)). As long as the sentence imposed was in accordance with the plea agreement, no exception exists to this waiver. Id. Here, Kilman's sentence was in accordance with the plea agreement. The district court, accepting the government's recommendations, granted him a reduction for acceptance of responsibility and sentenced him at the very bottom of the applicable guideline range. SER 187. During one of the sentencing hearings, Kilman's own attorney stated "There will be no appeal in this case pursuant to the plea agreement. It was waived." SER 35. Nevertheless, to the extent Kilman's appeal rests on the contention that the plea agreement was ambiguous or violated, we address the merits of his claims.
 
 
 10
 Kilman argues that his sentence is illegal because it was imposed in violation of the Due Process Clause and the plea agreement. More specifically, Kilman claims that facts relevant to his sentence were manipulated by the prosecutor, case agent, and district court. We review de novo claims that a sentence was imposed in violation of the Due Process Clause. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1993) (en banc). We find all of Kilman's claims to be without merit.
 
 A.
 
 11
 Kilman alleges that the prosecutor acted impermissibly in two respects: 1) by giving two different meanings to the term "substantial assistance"; 2) by improperly making motive a criteria for substantial assistance.[4] In part, Kilman is arguing that the plea agreement was violated by the prosecutor's refusal to move for a downward departure for substantial assistance.[5]
 
 
 12
 Paragraph 8(b) of the plea agreement states:
 
 
 13
 The Government will, in good faith, evaluate the value of defendant's cooperation and will advise the sentencing judge accordingly. If defendant fully complies with the terms of this plea agreement, and if defendant provides substantial assistance that should so merit, the United States may move the Court for a downward departure. The government reserves the sole discretion to determine whether such assistance merits a recommendation for downward departure.
 
 
 14
 This language unambiguously vests discretion to recommend a downward departure for substantial assistance in the prosecutor. The government only obligated itself to make a good faith review of Kilman's assistance. The trial court made certain that Kilman understood this point. ER 9-10.
 
 
 15
 A prosecutor's discretion in making a substantial assistance motion is subject to constitutional limitations that a district court can enforce. Wade v. United States, 112 S.Ct. 1840, 1843 (1992). A refusal to make such a motion cannot be based on bad faith or an unconstitutional motive. Id. at 1843-44. Aside from several statements taken out of context, Kilman offered no proof of either bad faith or unconstitutional motive. We agree with the district court that the actions of the prosecutor did not violate the plea agreement. SER 62.
 
 
 16
 We also find Kilman's underlying claim of prosecutorial manipulation of the fact-finding process to be without merit. The two "versions" of substantial assistance given by the prosecutor, which Kilman again takes out of context, are not significantly inconsistent with one another. Kilman's argument that he would only get credit for actual arrests under the second version is incorrect. Under each version, he would get credit for negotiations and buys made by agents. Kilman also failed to show that the prosecutor made motivation a criteria for substantial assistance. Thus, Kilman's reliance on United States v. Westerdahl, 945 F.2d 1083 (9th Cir.1991), is misplaced as the facts simply do not support his argument that the government distorted the judicial fact-finding process.[6]
 
 B.
 
 17
 Kilman argues that his due process rights were also violated by the actions of the district court. Kilman first claims that the district court erred by not granting any of his numerous requests that codefendant Tuck be brought before the court. Despite knowing that it was his obligation to secure Tuck's presence, Kilman did not follow the district court's recommendation that he subpoena Tuck or produce an affidavit. SER 219. Furthermore, aside from statements by Kilman's attorney that were contradicted by Tuck's own attorney, there was no evidence that Tuck would offer meaningful testimony.
 
 
 18
 Kilman also contends that the district court erred by legally advising Tuck not to testify at Kilman's sentencing proceedings. This claim is without merit. The record indicates that it was Tuck's attorney who would not let him testify. The trial court's comments on the possible ramifications of Tuck's testimony and the advice Tuck's attorney would likely give did not prejudice Kilman. CR II 43; SER 102-104, 213-14.
 
 
 19
 Kilman next claims the district court erred by not allowing him to change the line of questioning at his September 30, 1992 hearing to produce evidence about the execution of the plea agreement. Kilman was essentially attempting to reopen the substantial assistance inquiry by claiming the plea agreement had been orally amended. The trial court did not err in refusing to reopen the issue, which had been decided at a prior sentencing proceeding. The district judge correctly stated that there was no new evidence that would effect her previous ruling. SER 183.
 
 Kilman's sentence is AFFIRMED.[7]
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In relation to the substantial assistance motion, the government agreed to inform the district court and Probation Department of: 1) the plea agreement; 2) the nature and extent of Kilman's activities and cooperation with the government; 3) all other information in its possession relevant to Kilman's cooperation. SER 6
 
 
 [2]
 Kilman also received a twelve month consecutive sentence for jumping bail for eleven days while his sentencing proceedings were ongoing. This bail jumping offense actually caused Kilman to violate the terms of the plea agreement. SER 4-5
 
 
 [3]
 The government previously moved to dismiss this appeal. A different panel denied the motion without prejudice to its renewal before the merits panel
 
 
 [4]
 Kilman also argues that the plea agreement is ambiguous. ER 29-32. We assess this argument by looking to the objective proof in the record to determine if the sentence comports with the reasonable understanding and expectations of the defendant. United States v. Kamer, 781 F.2d 1380, 1387 (9th Cir.), cert. denied, 479 U.S. 819 (1986). Here, the record amply supports the trial court's conclusion that the plea agreement is unambiguous. SER 184
 Kilman also contends that the plea agreement was orally modified. There is no proof in the record to support this claim. Further, we note that Paragraph 10 of the plea agreement states that valid modifications "shall only be set forth in writing in a supplemental or revised plea agreement signed by all parties."
 
 
 [5]
 The government contends that the district court's refusal to depart downward is unreviewable. Here, the prosecutor did not move for a downward departure for substantial assistance. On several different occasions, the district judge stated unequivocally that even had the government made such a motion, she would have denied it. SER 184, 186-87, 161. We have previously held that a district court's clear statement that it would not depart even if it had authority to do so constitutes an unreviewable discretionary refusal to depart. See United States v. Brown, 985 F.2d at 478, 480 (9th Cir.1993); United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). Thus, our review is limited to whether the government acted in bad faith in failing to make a substantial assistance motion
 
 
 [6]
 Kilman also argues that the fact-finding process was manipulated by Agent Ryan's inept handling of the assistance that Kilman provided. While it is true that Agent Ryan made some minor mistakes, nothing in the record demonstrates a violation of Kilman's due process rights or the plea agreement
 
 
 [7]
 Because remand is not necessary, we need not reach Kilman's argument that resentencing should occur before a different judge