UNITED STATES of America,
Plaintiff–Appellee,

v.

Jeffrey WILLIAMS,
Defendant–Appellant.

No. 89–30047.

United States Court of Appeals,
Ninth Circuit.

Submitted * Jan. 10, 1990.

Decided March 16, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael J. Brown, Sp. Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, TANG and CANBY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Jeffrey Williams argues that the district court's denial of his motion to disclose the identity of a confidential informant violated his due process rights, that the Sentencing Guidelines denied him fundamental fairness and due process, and that the court applied the Guidelines improperly. We affirm.

## BACKGROUND

In July 1988 Officer Hascall obtained a search warrant for a residence in Portland. The supporting affidavit contained information from a confidential informant who had purchased cocaine at that residence from "John Doe", described as a black man, 20 to 25 years old, 5'8" to 5'9", 180–190 pounds, with a dark complexion and a "jeri" curl hair style.

When Officer Hascall executed the warrant, he found Williams on the back porch of the house. He discovered also seven rocks of crack cocaine, a semi-automatic weapon in a bedroom closet, a revolver under a cushion in the living room, and $768 in cash. Williams also had $149 on his person. At that time, he admitted selling cocaine and made a number of incriminating statements about his drug activities.

He was indicted for possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and pleaded not guilty. After a bench trial at which the court found him guilty, it sentenced him to 33 months imprisonment, followed by three years of supervised release.

## ANALYSIS

### I. *Identity of Confidential Informant*

Williams contends that his due process rights were violated when the district court

Paul Petterson, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

failed to reveal the identity of the confidential informant. After Williams requested disclosure, the court held an *in camera* interview of Officer Hascall and denied the request. Later it asked for questions from both counsel and conducted a second *in camera* interview with Officer Hascall and the informant. Again, it denied Williams' motion.

■ We review for abuse of discretion the denial of a motion to compel disclosure of an informant's identity. *United States v. Johnson,* 886 F.2d 1120, 1122 (9th Cir. 1989) (citing *United States v. Fixen,* 780 F.2d 1434, 1439 (9th Cir.1986)). The defendant bears the burden of demonstrating the need for disclosure, *Johnson,* 886 F.2d at 1122, and a mere suspicion that the information will prove helpful will not suffice. *Id.* (citing *United States v. Buffington,* 815 F.2d 1292, 1299 (9th Cir.1987)).

■ The government has a limited privilege to withhold the identity of a confidential informant. *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957); *United States v. Sai Keung Wong,* 886 F.2d 252, 255 (9th Cir.1989). That privilege must give way where the disclosure of the identity or contents of a communication "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro,* 353 U.S. at 60–61, 77 S.Ct. at 627–28; *Sai Keung Wong,* 886 F.2d at 255. The district court must balance

> the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Roviaro,* 353 U.S. at 62, 77 S.Ct. at 629; *Johnson,* 886 F.2d at 1122.

■ Williams argues that he needed the informant to explain the discrepancies between the informant's description of John Doe and Williams. We disagree.

Williams has not shown that the informant's testimony would be relevant and helpful to his defense. The government did not contend at trial that Doe and Williams were the same person. Nor did it charge Williams with possession with intent to distribute cocaine based on the drug transaction with the informant. *See Johnson,* 886 F.2d at 1122. That information was used only to obtain the warrant to search.[1] The government's charge related to the crack cocaine found in the house when Hascall executed the search warrant. The extent of the informant's usefulness was to establish probable cause to search as a result of which the cocaine was seized. *See United States v. Whitney,* 633 F.2d 902, 911 (9th Cir.1980) (government charge predicated on heroin found in a camera seized from the defendant and not on informant's observations of drug transactions); *Fixen,* 780 F.2d at 1439 (no right to disclosure where sole ground for seeking information is to determine probable cause to search).

The district court held an appropriate *in camera* hearing, finding that the police used the informant to locate crack houses and that he was not personally acquainted with Williams or anyone with whom Williams had contact. *See United States v. Ordonez,* 737 F.2d 793, 809–10 (9th Cir. 1984). It concluded that the informant's activities were limited to small purchases of cocaine under circumstances that "would make it impossible for the informant to be of any assistance to the defendant in the prosecution of his defense."

Having reviewed the transcript of the *in camera* hearing, we find that the district court properly considered the crime charged, the possible defenses, and the possible significance of the informant's testimony. *See United States v. Zavala,* 839 F.2d 523, 528 (9th Cir.1988). Williams has not demonstrated a need for the informant's identity.[2]

---

1. Williams does not contest the validity of the search.

2. In the conclusion of his brief, Williams argues that the identity of the informant should have

## II. Constitutionality of Sentencing Guidelines

Williams attacks the Sentencing Guidelines, contending that they deny him fundamental fairness and due process. He has not explained his arguments and instead adopts the defendant's brief in *United States v. Belgard*, 894 F.2d 1092 (9th Cir. 1990).

He attacks the role of the probation officer, arguing that when the officer determines factual matters in the presentence report, he deprives the defendant of a neutral and detached fact finder. In *Belgard*, 894 F.2d at 1098–99, we rejected the argument that the probation officer's role violated either the separation of powers doctrine or due process.

## III. Application of the Sentencing Guidelines

■ Williams contends that the district court applied the Guidelines improperly in refusing to reduce the offense level because of his mitigating role in the offense.

Although the district court has discretion under United States Sentencing Commission, *Guidelines Manual*, Ch. 3, Part B, § 3B1.2 (hereafter Guidelines) to decrease the defendant's offense level for minimal or minor participation in a crime, it should do so infrequently.[3] *See United States v. Gillock*, 886 F.2d 220, 222 (9th Cir.1989) (citing Commentary to § 3B1.2).

---

been disclosed under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This argument fails because Williams failed to show the informant's identity might have affected the outcome of the trial. *United States v. Pisello*, 877 F.2d 762, 768 (9th Cir.1989).

**3.** § 3B1.2 *Mitigating Role*
Based on the defendant's role in the offense, decrease the offense level as follows:
(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
In cases falling between (a) and (b), decrease by 3 levels.

**4.** He contends also that if others had been caught, the court would have reduced his of-

A finding that the defendant did not play a minimal or minor role in the crime depends heavily on the facts of the case. *Id.* We will not disturb this factual finding unless it is clearly erroneous. *Id.* (citing *United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989)).

Williams argues that, because he was the "caretaker" of the crack house rather than the owner, his role was minimal or minor.[4] The court found that although he did not own the crack house, he was operating it when police executed the search warrant, and was intending to make sales. For the reasons given by the district court, we find no error in refusing to reduce the offense level for minimal or minor participation.

■ Finally, Williams argues that if the district judge had believed he had the authority under 18 U.S.C. § 3553(b) to depart downward from the Guidelines, he would have given him a more lenient sentence.[5] We disagree.

Here, the district court concluded, "I do not find that I have the authority [to depart] in this case, nor do I find facts which would lead me to believe I should depart." The district judge clearly indicated that, even if he had the authority to depart, there were no facts to justify departing downward. This latter finding constitutes a discretionary refusal to depart. It is sufficient to support the sentence, and we are without jurisdiction to review it. *See United States v. Morales*, 898 F.2d 99, 101

---

fense level for minimal or minor participation. This argument lacks merit. Williams might have been charged and convicted for both conspiracy and possession. It would have been within the court's discretion, however, to impose a reduced sentence under Guideline § 3B1.2 for the conspiracy charge, and to impose a full sentence for the possession charge.

**5.** A sentencing court may depart from the *Guidelines under 18 U.S.C. § 3553(b)*:
The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described.

(9th Cir.1990) (district court's discretionary refusal to depart downward from Guidelines not appealable).

AFFIRMED.