951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard J. SALT, Defendant-Appellant.
 No. 91-10169.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 18, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard J. Salt appeals his sentence, following a conviction on a guilty plea for assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(c), 1153. Salt contends that the district court erred by denying him a downward departure from his United States Sentencing Guidelines range based upon an erroneous belief that it had no authority to do so. We dismiss the appeal.
 
 
 3
 A district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990).
 
 
 4
 At sentencing, Salt requested that the district court depart downward from the applicable guidelines sentencing range to compensate for time he had spent in tribal custody resulting from a tribal conviction arising out of the same offense conduct.[1] The district court declined to do so. Based upon a total offense level of twenty-one and criminal history category I, Salt's sentencing range was thirty-seven to forty-six months. See U.S.S.G. § 5A (1990). The district court sentenced Salt to thirty-seven months. Immediately following pronouncement of the sentence, defense counsel asked the district court, "as to the argument that we filed relating to double punishment, does the Court believe that ... [downward departure] is simply not warranted or not allowed by the guidelines?" (ER at 40). The district judge replied, "Well, both" (id.). Thus, the district judge indicated that even if he had the discretion to depart downward, he would not do so in this case. See United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). This response clearly "constitutes a discretionary refusal to depart." See id.
 
 
 5
 Because the district court exercised its discretion in refusing to depart from the guidelines, we lack jurisdiction to review Salt's request for a downward departure. See id.; Morales, 898 F.2d at 101.
 
 
 6
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Salt was tried, convicted, and sentenced to 190 days in tribal custody by the Navajo tribal courts based on the same offense conduct which gave rise to the instant federal prosecution. After completion of this sentence, the federal proceedings below commenced