961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Lee MORA, Defendant-Appellant.
 No. 91-30148.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 27, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Lee Mora appeals his sentence, following a conviction on a guilty plea, for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Mora contends that the district court erred by denying him a downward departure from the applicable range under the United States Sentencing Guidelines based upon an erroneous belief that it had no authority to do so. We dismiss the appeal.
 
 
 3
 A district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Robinson, No. 89-10439, slip op. at page 2048 (9th Cir. March 2, 1992).
 
 
 4
 At sentencing, Mora requested that the district court depart downward from the applicable guidelines sentencing range because his conduct was involuntary due to drug and alcohol addiction. Dr. Charles Dorsey, M.D., testified about the addiction. Nevertheless, the district court declined to depart downward. Based upon a total offense level of thirty-two and criminal history category VI, Mora's sentencing range was 210 to 262 months. See U.S.S.G. § 5A (1990). Prior to imposing a sentence of 210 months, the district court stated:
 
 
 5
 I do not find this case to be an appropriate case for downward departure. Even if the Court has the authority to depart downward by reason of Mr. Mora's drug addiction, and I doubt that, but even if that authority existed, I would not depart downward in this case. Unfortunately, Mr. Mora, I have concluded that you are one of those people, and I don't say this very often, but I'm referring now to your record and you have read it, too, in the presentence [report], one of those people who must be locked up not so much for punishment, but to protect society.
 
 
 6
 (RT 3/15/91 at 46-47).
 
 
 7
 Thus, the district court indicated that even if it had the discretion to depart downward, it would not do so in this case. See United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). This response clearly "constitutes a discretionary refusal to depart." See id.
 
 
 8
 Because the district court exercised its discretion in refusing to depart from the guidelines, we lack jurisdiction to review Mora's request for a downward departure. See Robinson, No. 89-10439 slip op. at 2048; Williams, 898 F.2d at 1403.
 
 
 9
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3