983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Joseph KAVANAGH, Defendant-Appellant.
 No. 92-30085.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1993.*
Decided Jan. 14, 1993.
 
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Joseph Kavanagh appeals the denial of his motion requesting a Franks hearing, his motion to reveal informants, and his motion requesting an in camera hearing. We have jurisdiction under 28 U.S.C. § 1291 (1988) and we affirm.
 
 
 3
 * Franks Hearing
 
 
 4
 Kavanagh contends the district court erred in not granting him a hearing under Franks v. Delaware, 438 U.S. 154, 171-72 (1978). The district court's refusal to conduct a Franks hearing is a mixed question of law and fact reviewed de novo. United States v. Homick, 964 F.2d 899, 904 (9th Cir.1992).
 
 In Franks, the Supreme Court held:
 
 5
 [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.
 
 
 6
 Franks, 438 U.S. at 155-56. "We have since extended Franks to include deliberate or reckless omissions." United States v. Tham, 960 F.2d 1391, 1395 (9th Cir.1991) (citing United States v. Stanert, 762 F.2d 775, 781, amended, 769 F.2d 1410 (9th Cir.1985)).
 
 
 7
 Kavanagh contends the affiant's inclusion of several statements in the affidavit warranted a hearing. His contention, however, must satisfy five requirements before he is entitled to a hearing under Franks:
 
 
 8
 (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause.
 
 
 9
 United States v. DiCesare, 765 F.2d 890, 894-95, amended, 777 F.2d 543 (9th Cir.1985).
 
 
 10
 First, Kavanagh points to several statements in the affidavit which he argues should be excised because he disputes their accuracy: (1) the "We Tip" report, which he claims is inherently unreliable; (2) the Confidential Reliable Informant's (CRI) and Unnamed Individual's (UI) statements that Kavanagh was criminally involved in selling cocaine; (3) the UI's statement that the UI feared reprisal or physical injury; (4) the UI's claim that Kavanagh, through his own son, sold one pound of marijuana two weeks prior to the date of the affidavit; and (5) the UI's statement that Kavanagh was going to California to "re-up" his supply of controlled substances.
 
 
 11
 None of these statements, however, arguably suffices to show an intentional or reckless misstatement by the affiant. Kavanagh has merely challenged the veracity of the individual or organization who provided the information to the affiant. "Allegations that statements reported in the affidavit and made to the affiant are false are not sufficient to satisfy the requirements for a Franks hearing unless the defendant contends that the affiant has misrepresented the statements made by another." United States v. Perdomo, 800 F.2d 916, 921 (9th Cir.1986). Here, Kavanagh does not contend the affiant misrepresented the informant's statements.
 
 
 12
 Second, Kavanagh contends other information was intentionally omitted by the affiant in an attempt to mislead the magistrate. Kavanagh argues these omissions included: (1) background information on the operation of the "We Tip" drug-reporting hotline, and more details from the actual initial report on Kavanagh; (2) the details surrounding the alleged purchase of "more than one ounce" of cocaine from Kavanagh; (3) the fact that Kavanagh was not criminally charged in most of the arrests listed in the affidavit; and (4) the affiant's failure to include all relevant information surrounding Kavanagh's employment situation.
 
 
 13
 "At this stage, all that is required is that [Kavanagh] make a substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." Stanert, 762 F.2d at 781. None of Kavanagh's alleged omissions, however, entitles him to a hearing. First, the inclusion of more details from the "We Tip" report may well have strengthened the finding of probable cause in light of their corroboration of facts later revealed by informants. See United States v. Wulferdinger, 782 F.2d 1473, 1477 (9th Cir.1986). Second, in his own affidavit, Kavanagh admits "[t]here was only one delivery of cocaine from my residence the week of May 6, 1991 in any amount close to one ounce." Third, Kavanagh's "rap sheet," which showed the dispositions of Kavanagh's prior arrests, was attached to the affidavit and incorporated by reference therein for the magistrate's consideration. Finally, the CRI was correct in noting Kavanagh had no outward means of support, and did bring to the magistrate's attention the fact that Kavanagh "sometimes repair[ed] something in the shop at [his] residence," facts admitted by Kavanagh in his affidavit. Under these facts, therefore, there were no intentional or reckless omissions which misled the magistrate in making his probable cause determination based upon the affidavit.
 
 
 14
 Finally, Kavanagh contends the affiant knew both the CRI and the UI were criminally involved and intentionally omitted that information from the affidavit. However, there was no error in the denial of a hearing on those two statements because a hearing is required only if the challenged information is necessary to find probable cause. DiCesare, 765 F.2d at 895. Even if the challenged statements were excised from the document, Kavanagh "must also show that the affidavit purged of those falsities and supplemented by the omissions would not be sufficient to support a finding of probable cause." Stanert, 762 F.2d at 782.
 
 
 15
 Here, the affidavit provided other information sufficient to establish the veracity of the informants. The affiant noted that the CRI had provided accurate information on past occasions, warranting a presumption of trustworthiness. United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir.1986). Likewise, the affiant pointed out that the information provided by the UI concerning Kavanagh's employment situation and subsequent trip to California was verified by independent police corroboration, thereby establishing the UI's veracity. Id. Therefore, even without the two challenged statements, we conclude that the remaining parts of the affidavit supported a finding of probable cause, and we affirm the district court's denial of Kavanagh's motion for a Franks hearing.
 
 II
 Identity of Informants
 
 16
 Kavanagh contends the district court erred in denying his motion to reveal the identity of the informants. "The district court's denial of a motion to compel disclosure of an informant's identity is reviewed for an abuse of discretion." United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir.1986). "The government has a limited privilege to withhold the identity of a confidential informant." United States v. Williams, 898 F.2d 1400, 1402 (9th Cir.1990). The privilege must give way "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause...." Roviaro v. United States, 353 U.S. 53, 60-61 (1957).
 
 
 17
 "The burden of proof is on the defendant to show need for the disclosure." United States v. Sai Keung Wong, 886 F.2d 252, 256 (9th Cir.1989). "The mere suspicion that information will prove helpful is insufficient to require disclosure." Id. Disclosure is not required where the sole purpose for seeking the information is to establish the existence of probable cause. Fixen, 780 F.2d at 1439.
 
 
 18
 Here, Kavanagh's sole reason for requesting disclosure of the informants' identities is to challenge the statements in the affidavit upon which the search warrant was issued. Kavanagh has not shown that the informant's testimony would be relevant and helpful to his defense. Moreover, the informants were not percipient witnesses to the illegal activity for which Kavanagh was charged. Therefore, the district court did not abuse its discretion in denying Kavanagh's motion to disclose the identity of the confidential informants.
 
 III
 In Camera Hearing
 
 19
 Finally, Kavanagh contends the district court erred in not conducting an in camera hearing concerning the identities of the confidential informants.
 
 
 20
 The district court has discretion whether to conduct an in camera hearing, and we will reverse a district court's decision not to conduct such a hearing only upon an abuse of that discretion. Fixen, 780 F.2d at 1440. To make out a valid claim for an in camera hearing, a defendant must demonstrate that he has uncovered the informant's identity, and that the information provided by the alleged informant was misstated in the warrant affidavit. Stanert, 762 F.2d at 782-83.
 
 
 21
 Kavanagh's affidavit in support of his motion does allege his knowledge of the true identities of the informants. However, his affidavit fails to allege that any information provided by these named informants was misstated in the warrant affidavit. The district court did not abuse its discretion by denying Kavanagh's motion to conduct an in camera hearing.
 
 IV
 Conclusion
 
 22
 We hold the district court did not err in denying Kavanagh a Franks hearing. Moreover, we affirm the district court's denial of Kavanagh's motions both to disclose the identity of the confidential informant and to conduct an in camera hearing.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3