990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Sydney JONES, Defendant-Appellant.
 No. 92-10258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1993.
Decided March 19, 1993.
 
 Before GOODWIN, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reginald Jones appeals his sentence under the Sentencing Guidelines following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). The district court found that there was no basis for downward departure from the guideline range and sentenced Jones to the minimum term of 168 months. We affirm.
 
 
 3
 The Pre-Sentence Report calculated Jones' Base Offense Level to be thirty-two with a Criminal History Category VI resulting in a sentencing range of 168-210 months. The probation officer, however, recommended that the court depart downward from the guideline range and impose a sentence of forty-one months, because of a variety of factors including the abuse and neglect Jones suffered as a child and his diminished mental faculties. At the sentencing hearing, Jones moved for downward departure based upon youthful lack of guidance, diminished mental capacity, susceptibility to victimization in prison, and a combination of these factors. The court rejected these arguments sentencing Jones to 168 months in prison.
 
 I.
 
 4
 We must first determine whether this court has jurisdiction to review the decision of the sentencing judge not to depart downward from the guideline range. When in the exercise of its discretion a district court denies a request to depart downward from the guideline range, this court does not have jurisdiction to review the district court's decision. 18 U.S.C. § 3742; United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990). Furthermore, when a district court says that it would not exercise its discretion and depart from the range even if it had the authority to do so, there is no jurisdiction to hear an appeal from that decision. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990).
 
 
 5
 Jones contends that the court did not depart downward because it did not believe it had the authority to do so. This contention is meritless. At sentencing, the district court stated that it could not "find on the basis of the record here that an adequate showing [had] been made for a departure on any of the grounds." (Emphasis added). Despite the fact that the district court later indicated it did not believe that susceptibility to victimization was an appropriate legal basis for departure from the guidelines, because it had already noted the lack of any factual basis to warrant departure, this court does not have jurisdiction to review the sentencing decision. See id.
 
 II.
 
 6
 Jones also contends that the district court erred by failing to consider the combination of the three separate grounds as a basis for departure. The district court never explicitly stated that it considered the combination of the separate grounds as a basis for departure. However, at the sentencing hearing Jones' counsel specifically urged the district to consider a combination of the separate grounds for downward departure. The district court, in giving its ruling, stated that it "considered all of the matters that had been argued very ably this morning by counsel." This statement makes it clear that the district court considered the grounds, both separately as well as combined, to be insufficient to justify departure.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3