19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo VALENZUELA-CHAIREZ, Defendant-Appellant.
 No. 93-50271.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 18, 1994.
 
 Before: PREGERSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfredo Valenzuela-Chairez appeals his conviction for importation of cocaine, in violation of 21 U.S.C. Secs. 952 and 960, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Valenzuela contends that there was insufficient evidence to support his conviction and that the district court improperly sealed the affidavit used to obtain the search warrant. We affirm.
 
 
 3
 * Several factors support appellant's conviction with respect to the knowledge requirement. First, 700 pounds of cocaine were discovered in the trunk. "[M]ere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics." United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.1990). Second, if the drugs have a significant market value, the jury can infer that they would not have been entrusted to an unknowing carrier. United States v. Castro, 972 F.2d 1107, 1111 (9th Cir.1992). The cocaine in this case had a wholesale value over $5 million. Finally, the jury can infer guilty knowledge from discrepancies in a defendant's stories to government agents. Barbosa, 906 F.2d at 1368. Valenzuela changed his story regarding knowledge of the cocaine and the weight of the car.
 
 II
 
 4
 Although defendants are generally entitled to review an affidavit, see Franks v. Delaware, 438 U.S. 154 (1978), "[t]he government has a limited privilege to withhold the identity of a confidential informant." United States v. Williams, 898 F.2d 1400, 1402 (9th Cir.1990). "The decision whether to compel disclosure requires a balancing of a defendant's need for the information with the government's interest in protecting its sources." United States v. Alexander, 761 F.2d 1294, 1303 (9th Cir.1985). The defendant bears the responsibility for demonstrating the need for disclosure. Id.
 
 
 5
 The balancing of interests in this case favors the government. The government's interest in this case was particularly strong. Government agents testified that the affidavit supporting probable cause contained information that would identify the confidential informant to the drug traffickers in Mexico and that, if his identity were disclosed, he would be killed. In contrast, appellant presents no argument for why he needed to see the affidavit beyond a general need to attack the affiant's veracity. This is insufficient. Alexander, 761 F.2d at 1303 (sealing affidavit okay because "there was no showing as to what the informants observed or how it would be helpful to the defense"). Therefore, the appellant has not met his burden of demonstrating a need for disclosure.
 
 
 6
 Furthermore, the search was independently valid as a warrantless "extended border search" of the vehicle. The totality of circumstances, see United States v. Jacobson, 647 F.2d 990, 993 (9th Cir.), cert. denied, 454 U.S. 897 (1981), indicates that this was a legal extended border search because the government agents identified the vehicle as it passed the border in the morning and monitored it continually throughout the day, insuring that nothing had been loaded into the vehicle until the search that evening. This satisfies the rationale of Jacobson.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3