30 F.3d 127
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Michael J. DUCOING, Defendant, Appellant.
 No. 94-1043
94-1043
 United States Court of Appeals,
First Circuit.
 July 12, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge ]
 Steven J. Rappaport and Rappaport, Freeman & Pinta on brief for appellant.
 Donald K. Stern, United States Attorney, and Ben T. Clements, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 DISMISSED.
 Before Selya, Cyr and Boudin Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant-appellant Michael J. Ducoing was convicted of conspiracy to commit bank larceny, see 18 U.S.C. Sec. 371, and bank robbery, see 18 U.S.C. Sec. 2113(a). The district court determined that Ducoing is a career offender under the Sentencing Guidelines and sentenced him accordingly. Ducoing challenges his sentence, claiming that the district court erred in denying his motion for a downward departure, pursuant to U.S.S.G. Sec. 4A1.3, on the grounds that his criminal history category (VI) over-represents the seriousness of his criminal record. We dismiss for lack of jurisdiction.
 
 
 2
 We have not addressed whether a downward departure pursuant to Sec. 4A1.3 is permissible in a career offender case.[1] We need not resolve this issue here. The district judge did express "serious doubts" about his authority to depart downward. However, he concluded that even if he had the authority to depart downward, he should not do so given the "number of offenses that qualify here," the "total record," and the policies behind the career offender statute, 28 U.S.C. Sec. 994(h). This latter finding, that the facts do not justify departing, constitutes a discretionary refusal to depart. Since it is sufficient to support the sentence, the district court's decision not to depart is unreviewable. See United States v. Amparo, 961 F.2d 288, 292 (1st Cir.) (appeal will not lie from a district court discretionary decision not to depart), cert. denied, 113 S. Ct. 224 (1992); United States v. Williams, 898 F.2d 1400, 1403 (9th Cir. 1990) (declining to review district court's determination that it had no authority to depart when court indicated it would not depart even if it had authority to do so). Accordingly, the appeal is dismissed. See Loc. R. 27.1.
 
 
 
 [1]
 A number of other circuits have held that such departures are permitted. See, e.g., United States v. Beckham, 968 F.2d 47, 54 (D.C. Cir. 1992) (citing cases from the 4th, 8th, 9th and 10th circuits). In United States v. Norflett, 922 F.2d 50, 54 n. 5 (1st Cir. 1990), we reserved the question whether, in view of 28 U.S.C. Sec. 994(h), departures are prohibited in career offender cases