USCA1 Opinion

 

 July 12, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1043 UNITED STATES, Appellee, v. MICHAEL J. DUCOING, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ___________________ Before Selya, Cyr and Boudin Circuit Judges. ______________ ___________________ Steven J. Rappaport and Rappaport, Freeman & Pinta on brief ___________________ __________________________ for appellant. Donald K. Stern, United States Attorney, and Ben T. _________________ ________ Clements, Assistant United States Attorney, on brief for ________ appellee. __________________ __________________ Per Curiam. Defendant-appellant Michael J. Ducoing __________ was convicted of conspiracy to commit bank larceny, see 18 ___ U.S.C. 371, and bank robbery, see 18 U.S.C. 2113(a). The ___ district court determined that Ducoing is a career offender under the Sentencing Guidelines and sentenced him accordingly. Ducoing challenges his sentence, claiming that the district court erred in denying his motion for a downward departure, pursuant to U.S.S.G. 4A1.3, on the grounds that his criminal history category (VI) over-represents the seriousness of his criminal record. We dismiss for lack of jurisdiction. We have not addressed whether a downward departure pursuant to 4A1.3 is permissible in a career offender case.1 We need not resolve this issue here. The district judge did express "serious doubts" about his authority to depart downward. However, he concluded that even if he had the authority to depart downward, he should not do so given the "number of offenses that qualify here," the "total record," and the policies behind the career offender statute, 28 U.S.C. 994(h). This latter finding, that the facts do not justify departing, constitutes a discretionary refusal to ____________________ 1. A number of other circuits have held that such departures are permitted. See, e.g., United States v. Beckham, 968 F.2d ___ ____ _____________ _______ 47, 54 (D.C. Cir. 1992) (citing cases from the 4th, 8th, 9th and 10th circuits). In United States v. Norflett, 922 F.2d _____________ ________ 50, 54 n.5 (1st Cir. 1990), we reserved the question whether, in view of 28 U.S.C. 994(h), departures are prohibited in career offender cases. -2- depart. Since it is sufficient to support the sentence, the district court's decision not to depart is unreviewable. See ___ United States v. Amparo, 961 F.2d 288, 292 (1st Cir.) (appeal _____________ ______ will not lie from a district court discretionary decision not to depart), cert. denied, 113 S. Ct. 224 (1992); United _____________ ______ States v. Williams, 898 F.2d 1400, 1403 (9th Cir. 1990) ______ ________ (declining to review district court's determination that it had no authority to depart when court indicated it would not depart even if it had authority to do so). Accordingly, the appeal is dismissed. See Loc. R. 27.1. ___ -3-