29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen WERHAN, Defendant-Appellant.
 No. 93-30397.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glen Werhan appeals his sentence under the Sentencing Guidelines imposed following his conviction by guilty plea to cultivating marijuana plants, in violation of 21 U.S.C. Sec. 841(a)(1). Werhan argues that the district court erroneously concluded that it lacked authority to depart downward from the prescribed sentencing range of 37 to 46. Because the district court also indicated that it would not have departed, even if it had the authority to do so, we have no jurisdiction to review Werhan's sentence.
 
 
 3
 * On January 18, 1993, police officers from Spokane arrested Werhan for growing 89 marijuana plants at his residence. Werhan pleaded guilty on July 15, 1993, to manufacture of marijuana in violation of 21 U.S.C. Sec. 841(a)(1). At the sentencing hearing, Werhan argued that a "combination of factors" warranted a downward departure by the court. He cited his genetic predisposition to alcoholism and his early exposure to alcohol and his favorable records of service in the armed forces and at his place of employment. The district court considered Werhan's arguments and concluded that "even if there were circumstances that would legally allow me to depart, I would not in your case."
 
 II
 
 4
 The district court's discretionary refusal to depart downward from the sentencing guidelines is not subject to review on appeal. United States v. Morales, 898 F.2d 99, 100 (9th Cir.1990). In addition, we will not review a district court's determination that it lacks authority to depart when the district court also indicates that it would not depart, even if it had the authority to do so. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). The district court stated in no uncertain terms that a departure was not warranted in Werhan's case. Therefore, we dismiss Werhan's appeal.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3