56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Griffith DINGS, Defendant-Appellant.
 No. 94-10280.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1995.
Decided May 22, 1995.
 
 1
 Before: CUMMINGS*, SCHROEDER, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Jeffrey Griffith Dings appeals his jury conviction for two counts of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Secs. 846, 841(a)(1) & (b)(1)(C). He contends that the district court erred in denying his motion for disclosure of the identity of a confidential informant, and that his conviction should be reversed either due to insufficiency of the evidence or due to the alleged late disclosure of impeachment evidence. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * The denial of a motion to compel the disclosure of a confidential informant is reviewed for abuse of discretion. United States v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990). "The defendant bears the burden of demonstrating the need for disclosure, and a mere suspicion that the information will prove helpful will not suffice." Id. (citation omitted). Dings filed nothing in support of his motion to compel disclosure of the confidential informant's identity. When asked by the district court if he wished to be heard on his motion, Dings was silent. He therefore failed to carry his initial burden. The district court therefore did not abuse its discretion.
 
 II
 
 5
 Dings next argues that the government violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose earlier that its chief witness, Scott Kearis, had a prior marijuana arrest. The government responds that it disclosed the information as soon as it became aware of it, that because the information was inadmissible it was not material, and that the defense was not prejudiced as it received the information before it cross-examined Kearis.
 
 
 6
 "This court reviews de novo challenges to a conviction based on a Brady violation." United States v. Gordon, 844 F.2d 1397, 1402 (9th Cir. 1988). The suppression by the prosecution of evidence favorable to the defense violates due process only if it is material, meaning that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 1403 (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).
 
 
 7
 Even if we were to assume that a prior marijuana arrest was material impeachment evidence against Kearis, who admitted to participating in a marijuana conspiracy involving hundreds of pounds of narcotics and to testifying in exchange for the prospect of a substantial assistance departure, nothing indicates that the delayed disclosure prejudiced Dings. "To escape the Brady sanction, disclosure must be made at a time when the disclosure would be of value to the accused." Id. (quotation omitted). In Gordon, we held that the disclosure of Brady material after the relevant witnesses had testified was not sanctionable because the court gave the defense leave to recall those witnesses for further cross-examination. Id. Here, Dings obtained the Brady material prior to cross-examining Kearis. Because Dings has not shown how he was prejudiced by the allegedly late disclosure of Kearis's prior arrest, Dings's conviction cannot be reversed on this ground.
 
 III
 
 8
 Dings contends that there was insufficient evidence to support his convictions for possession of marijuana and for conspiring to possess marijuana with intent to distribute.
 
 
 9
 On a challenge to the sufficiency of the evidence, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 10
 The evidence against Dings was more than sufficient. He was arrested in a van containing roughly 200 pounds of marijuana in U-Haul boxes. He was carrying a slip of paper with the individual weights of each box recorded on it. Documentary evidence also showed that Dings had purchased the U-Haul boxes, and corroborated the testimony of Kearis, who detailed an elaborate conspiracy to transport and distribute marijuana. From this, a reasonable jury could have found Dings guilty of the charged offenses.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3