65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hernando Castro CARDENAS, Defendant-Appellant.
 No. 94-50409.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1995.*
Decided Aug. 16, 1995.
 
 Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hernando Castro Cardenas ("Castro") challenges his sentence arguing that the district court: 1) improperly enhanced his sentence based on an erroneous determination that Castro was an organizer/leader of a money laundering scheme; and 2) improperly refused a downward departure due to the erroneous belief that it lacked authority to depart on the basis of sentencing entrapment.
 
 
 3
 Section 3B1.1(a) of the U.S.S.G. authorizes a four level enhancement based on a finding that a defendant was an "organizer or leader" of illegal activity involving five or more participants or which was otherwise extensive. The record indicates that Castro was intimately involved in orchestrating significant aspects of the money laundering activities--including directing and controlling the pick-up and delivery activities of at least five subordinates. Relying on this evidence, the district court stated: "The evidence is that this defendant was able to give orders to tell a number of people, certainly at least five, what to do within the context of acting as a middleman. So I think it's a proper enhancement, so I agree with the Government and the PSI report."
 
 
 4
 We conclude that the government satisfied its burden of proving by a preponderance of the evidence that Castro was an organizer or leader, see United States v. Alonso, 48 F.3d 1536, 1545 (9th Cir.1995), and that the district court's determination that Castro was an organizer or leader of the money laundering operation was not error, see United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995).
 
 
 5
 Castro also argues that the district court erroneously denied his request for a downward departure due to its belief that it did not have the discretion to depart on the basis of sentencing entrapment. We have previously held that when a district court denies a downward departure indicating that it may lack authority to do so but also indicates that it would not depart even it if had the authority, we have no jurisdiction to review that decision on appeal. United States v. Eaton, 31 F.3d 789, 793 (9th Cir.1994) (citations omitted). See also United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 234 (1992) and United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). While the district court did express doubt as to whether it possessed the authority to depart, it made it sufficiently clear that even if it had the authority, it would choose in its discretion not to grant a downward departure. We have no jurisdiction to review this decision.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3