79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip Lee IRWIN, Defendant-Appellant.
 No. 95-50205.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillip Lee Irwin appeals his sentence following a guilty plea to armed bank robbery and use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 2113(d) and 924(c)(1). Irwin contends that the district court erred by not departing downward for exceptional acceptance of responsibility and voluntary disclosure of an offense under U.S.S.G. § 5K2.16. We dismiss for lack of jurisdiction.
 
 
 3
 The district court's discretionary refusal to depart downward from the Sentencing Guidelines is not reviewable on appeal, unless the trial court indicated that it did not have legal authority to depart under the guidelines. United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995). In cases where the district court determines that it lacks or may lack authority to depart downward, but indicates that if it has the requisite authority, the facts do not warrant the departure, denial of the departure is also not reviewable on appeal. See United States v. Beamon, 992 F.2d 1009, 1015 (9th Cir.1993); United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990).
 
 
 4
 Here, Irwin contends that the government could not have charged and convicted him under 18 U.S.C. §§ 2113(d) and 924(c)(1) absent his confession to possessing a gun during a series of bank robberies. Thus, Irwin argues that he is entitled to an additional downward departure for exceptional acceptance of responsibility and voluntary disclosure of an offense.
 
 
 5
 The district court clearly understood that it had the authority to depart. The district court refused to depart because it concluded that the law did not require that the gun be seen during the commission of a crime and that the facts and circumstances did not warrant further departure. Because the district court exercised its discretion in refusing to depart downward from the applicable Sentencing Guideline range, we lack jurisdiction over Irwin's appeal. See Beamon, 992 F.2d at 1015; Williams, 898 F.2d at 1403.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3