**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John D. PRINCE, Defendant—Appellant.**

No. 03–30357.

D.C. No. CR–02–00248–EFS.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2004.*

Decided June 10, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Russell E. Smoot, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald D. Smith, Esq., Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

Before BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM**

Prince appeals his conviction of one count of possession of methamphetamine with intent to distribute. We affirm.

■ First, on de novo review, there was sufficient probable cause to support the search warrant for Prince's residence. "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Bishop,* 264 F.3d 919, 924 (9th Cir.2001). Where, as here, a warrant is sought based upon information received from a confidential source (CS), the veracity, reliability and basis of the informant's information must be evaluated under the totality of the circumstances. *United States v. Fixen,* 780 F.2d 1434, 1436 (1986). Here, the magistrate had a reasonable basis for issuing the search warrant. The warrant affidavit included: (1) the affiant officer's twelve years of law enforcement experience and observations based upon his experience; (2) the officer's search of Prince's residence nine months prior; (3) the CS's background and firsthand information concerning Prince's recent drug distribution

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

activities; and (4) the officer's steps to corroborate the CS's information. *See Bishop,* 264 F.3d at 924–26.

■ Also, the district court did not abuse its discretion in denying Prince's motion to discover the CS's identity. The government holds a limited privilege against disclosure of an informant's identity, and it is the defendant's burden to demonstrate that disclosure is warranted. In that regard, the defendant must show that disclosure "would be relevant and helpful" to his defense. *United States v. Williams,* 898 F.2d 1400, 1402 (9th Cir. 1990). Disclosure is not required where a defendant seeks the identity of the confidential informant, not to aid in his defense, but to challenge the finding of probable cause for a warrant. *Fixen,* 780 F.2d at 1439. Since Prince sought the CS's identity to challenge the validity of the search warrant, the district court did not abuse its discretion in denying his request. *Id.*

Finally, the district court did not err in its denial of a *Franks* hearing. To be entitled to "a *Franks* hearing, [a defendant] must submit 'allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.' " *United States v. Chavez–Miranda,* 306 F.3d 973, 979 (9th Cir.2002) (quoting *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)), *cert. denied,* 537 U.S. 1217, 123 S.Ct. 1317, 154 L.Ed.2d 1070 (2003). Additionally, a defendant must show that the omitted information is material. A "substantial showing" as to both elements is required. *Id.*

■ Prince contends he was entitled to a *Franks* hearing based upon the information in the *Giglio* notice filed in his case, and another notice filed in a separate case which Prince argues also pertains to the CS used in his case. According to Prince, the facts contained in these notices were material and the government's failure to include them in the warrant affidavit misled the magistrate.

On de novo review and assuming both notices pertain to the same CS, this information does not rise to the required showing for a *Franks* hearing. As the district court noted, the warrant affidavit put the magistrate on notice that the CS may have been a drug user. Assuming it is the same CS in both cases, the later *Giglio* notice confirms that he/she has provided information to the DEA in another case. Moreover, the warrant affidavit specifies that the CS had less than pure motivations for providing the information, and the old convictions for shoplifting and dog ordinance violations are not material. Finally, it has not been shown that the government knew about this information prior to seeking the warrant, and intentionally (or even recklessly) omitted it. *Chavez–Miranda,* 306 F.3d at 979–80.

AFFIRMED.