AMERICAN SAMOA GOVERNMENT, Plaintiff,

v.

**FITI FA`AFETAI, Defendant**

High Court of American Samoa
Trial Division

CR No. 60-04

December 16, 2004

Before KRUSE, Chief Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Marcellus T. Uiagalelei, Assistant Attorney
General
For Defendant, Sharron I. Rancourt

ORDER ON MOTIONS TO SUPPRESS EVIDENCE AND FOR BAIL

### Introduction

On September 28, 2004, pursuant to execution of a search warrant, officers searched the residence occupied by Defendant Fiti Fa`afetai ("Defendant") and Defendant's vehicle, and allegedly discovered, among

other items, methamphetamine, marijuana, and a short-barreled shotgun. On September 29, 2004, Defendant was charged with one count of unlawful possession of a controlled substance in violation of A.S.C.A. §§ 13.1022 and 13.1009(3), one count of unlawful possession of a controlled substance in violation of A.S.C.A. §§ 13.1022 and 13.1006, and one count of possession of a prohibited weapon in violation of A.S.C.A. § 46.4202(a)(4) in relation to these items.

On November 22, 2004, Defendant filed several motions to suppress evidence obtained in this search. Defendant first moved to suppress all evidence on the basis that the affidavit on which the District Court Judge relied was insufficient to justify the issuance of the warrant and, in turn, the subsequent search. Second, Defendant moved to suppress statements made by Defendant to police officers on the basis that such statements were obtained in violation of Defendant's *Miranda* rights. Third, Defendant moved for the government to disclose the identity of a confidential informant ("CI") used to investigate Defendant prior to the search. Finally, Defendant moved for his release on bail.

Having had the opportunity to review the submitted materials, and with the benefit of a hearing on December 10, 2004, we deny Defendant's motion with regard to suppression of all evidence and disclosure of the CI's identity, and grant Defendant's suppression motion with regard to his *Miranda* claims.

### Discussion

### I. Issuance of Warrant

Defendant argues that the District Court Judge improperly issued the search warrant. Under Article I, Section 5 of the Revised Constitution of American Samoa, "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." In deciding whether to issue a search warrant based on a confidential informant's information, a judge makes a practical, common-sense decision as to whether the totality of circumstances set forth in the supporting affidavit provide a substantial basis that probable cause exists. *American Samoa Gov't v. Samana*, 8 A.S.R.2d 1 (Trial Div. 1988).

In reviewing the decision of the judge who issued the search warrant, the duty of the court is not to make an after-the-fact *de novo* review of whether probable cause existed, but to ensure that the issuing judge had evidence which, when reviewed as a whole, provided a substantial basis for so finding. *American Samoa Gov't v. Lam Yuen*, 13 A.S.R.2d 49 (Trial Div. 1989); *Massachusetts v. Upton*, 466 U.S. 727,

160

732 (1984); *Illinois v. Gates*, 462 U.S. 213, 245 (1983) (further observing that if the affidavits submitted by police officers are subjected to *de novo* review, police might resort to warrantless searches). Such review gives great deference to the judge's finding of probable cause, even in doubtful and marginal cases, and a court should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense manner. *U.S. v. Ventresca*, 380 U.S. 102 (1965); *American Samoa Gov't v. Leoso*, 25 A.S.R.2d 103, 104 (Trial Div. 1993).

■ Under our deferential review, we conclude that Defendant has not proffered sufficient facts to indicate the issuing judge lacked a substantial basis for issuing the warrant. Although no single factor or formula is determinative in evaluating probable cause, we first consider whether the issuing judge could determine if the informant had an adequate "basis of knowledge" for stating the location of contraband. Here, it appears that the CI's basis of knowledge was from personal observation. The affidavit states, in part, that the CI "has been to the said premises on several occasions when unknown individuals showed up at the premises with items of value to be traded for 'ICE' from Mr. Fiti Fa`afetai," that the CI "had seen two rifles" on the residence sought to be searched, and "observed small baggies containing 'ICE' inside Fiti's car, a white, Tacoma Toyota pickup," the vehicle to be searched. That the CI himself observed Defendant's possession of such contraband weighs in favor of the judge's decision to issue the warrant.

Second, we examine whether the issuing judge could have found underlying circumstances indicating the informant was reliable, or circumstances indicating the informant's information was credible. Defendant makes much of the fact that the affidavit did not contain officer statements assuring the reliability of the CI, such as a statement that the CI has proved reliable in past investigations. Although Defendant is correct that the affidavit lacks such statements, we note that the affidavit states that the officers engaged the CI in two "control buys" during the third and last week of August 2004 and that the CI purchased two small baggies on each occasion containing methamphetamine. We conclude that the circumstances of these control buys indicate that the issuing judge could interpret the CI's information as credible, and that in combination with other common-sense factors considered in their totality, the issuing judge was not in error in issuing the warrant.

Defendant makes an argument challenging the affidavit on its face. Defendant notes that the affidavit was submitted on September 24, 2004, and that the control buys took place approximately one month earlier in August. Pointing to the affiant's statement that the CI had come forward "[i]n the course of the past two weeks," Defendant argues that this timing renders the existence of the August control buys impossible,

because the officers would not yet have become acquainted with the CI. However, there can be other explanations for this discrepancy. The issuing judge could very well have concluded, for example, that the affidavit was a work in progress originally drafted within two weeks of the CI's coming forward, but that the sentence was not later edited upon submission. More importantly, although we could postulate upon countless other theories, such analysis would force us to engage in the very kind of hypertechnical review we are required to avoid. By instead looking at the affidavit in its totality, common sense analysis indicates that the issuing judge did have a substantial basis to conclude that there was a probable chance of criminal activity.

■ Finally, Defendant argues that the information provided by the CI was too stale to establish probable cause to search of the vehicle or residence. We disagree. Defendant maintains, for example, that because eight weeks had passed between the sighting of items in the vehicle and the search of the vehicle, that there was no indication that at the time the warrant was issued, contraband would still be inside. While we concede that at the time of issuance, it was not certain whether drugs remained in the vehicle, we note that the test for probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. *See Illinois v. Gates*, 462 U.S. 213, 245 (1983). Thus, while officers may not have been able to show that drugs were actually in the vehicle at the time of the affidavit, based on the totality of circumstances of ongoing control buys and CI witness accounts as recently as two days before issuance of the search warrant, the District Court Judge could have reasonably concluded that there was a substantial chance that contraband could still be found inside.

## II. Disclosure of Identity

■ Defendant next argues that were we to accept the warrant, the government should be compelled to disclose the identity of the CI. The government holds a limited privilege against disclosure of an informant's identity, and it is the defendant's burden to demonstrate that disclosure is warranted. *Rovario v. United States*, 353 U.S. 53, 60-61 (1957). In that regard, the defendant must show that disclosure "would be relevant and helpful" to his defense. *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). Disclosure is not required where a defendant seeks the identity of the confidential informant, not to aid in his defense, but to challenge the finding of probable cause for a warrant. *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1986).

Although Defendant maintains that disclosure of the CI is necessary to aid his defense, we do not see how the CI could at all be relevant in the case-in-chief. In *Williams*, for example, officers obtained a search warrant to search a residence based on a supporting affidavit containing

information from a confidential informant who had purchased cocaine at that residence. 898 F.2d at 1401. Upon executing the warrant, officers discovered defendant at the residence, along with cocaine, firearms, and cash. *Id.* Defendant argued that disclosure of the informant was necessary to his defense on the merits. *Id.* at 1401-02. The Court disagreed, concluding that the informant's testimony could not be relevant or helpful. The Court noted that the government's charge of possession with intent to distribute was based entirely on the cocaine found in the house when the officers executed the search warrant, and thus that no charges were made based on the earlier drug transaction with the informant. *Id.* at 1402. In short, "[t]he extent of the informant's usefulness was to establish probable cause to search as a result of which the cocaine was seized." *Id.*

 We likewise find in the present case. Defendant himself has earlier argued that the CI's information was "stale" at the time of execution, and that his involvement was limited to his control buys and observations prior to the search. Although we have concluded that such observations were relevant for probable cause purposes, as in *Williams*, Defendant's charges of possession relate entirely to the contraband discovered after execution of the warrant. Consequently, because the charges are based on conduct in which the CI was apparently wholly uninvolved, we cannot find a reasonable basis in which the CI could provide evidence to assist or exonerate Defendant.

### III. *Miranda* Warnings

 Defendant further moves that we suppress statements made by Defendant to the searching officers. Under *Miranda v. Arizona,* where an individual is taken into custody, the Fifth and Fourteenth Amendments' prohibition against compelled self-incrimination requires that he be properly notified of the right to remain silent, the right to the presence of an attorney, and warned that anything he says can be used against him in a court of law. 384 U.S. 436, 478-79 (1966). Unless and until such warnings are given, and a knowing and intelligent waiver of them is demonstrated by the prosecution, no evidence obtained as a result of custodial interrogation can be used against him. *Id.* at 479.

 We believe that in the current circumstances Defendant was in custody during the time of questioning. Although Defendant was not formally arrested, Officer Justin Fa`afiti's testimony indicates that Defendant was placed in handcuffs when first approached by officers at CBT Hardware, and remained handcuffed during the entire duration in which officers searched his residence and vehicle. Moreover, Defendant was the subject of interrogation. Upon discovering suspected drug paraphernalia and a "crystalline substance," Defendant told Officer Fa`afiti that he needed "assistance." Officer Fa`afiti then asked

Defendant if the discovered contraband was his, to which Defendant replied, "yes." We conclude that by asking Defendant to admit or deny whether the contraband belonged to him, Officer Fa`afiti's question was improperly designed to elicit an incriminating response. Therefore, we grant Defendant's motion to suppress such statement because it was elicited and made during custodial interrogation prior to a reading of *Miranda* rights.

## IV. Bail

The Revised Constitution of American Samoa provides that

> all persons shall be bailable by sufficient sureties except where the judicial authorities determine that the presumption is great that an infamous crime, which term shall include murder and rape, has been committed and that the granting of bail would constitute a danger to the community.

REV. CONST. AM. SAMOA art. I, § 6.

Bail was denied by the District Court Judge because of an issue with the Defendant's immigration status to be in the Territory. Since that issue has been cleared and the Defendant has produced evidence of his lawful immigration status, and having considered the affidavit in support of the warrant of arrest, and the submissions of counsel, the application for bail is granted. However, given the seriousness of the charges, bail is set in the sum of $85,000 and the Defendant's release on bail shall further be subject to the conditions set out below.

### Order

For the reasons stated above, we conclude:

1. Defendant's motion to suppress evidence based on the invalidity of the search warrant and motion to disclose the identity of the informant are without merit and must, therefore, be denied;

2. Defendant's motion to suppress statements prior to the reading of his *Miranda* warnings shall be granted;

3. Defendant's bail application is granted and bail is set in the amount $85,000. Conditions of release shall be: that the Defendant shall promptly make all required court appearances herein and otherwise remain a law abiding citizen; that the Defendant shall not leave nor attempt to leave the jurisdiction of this court; and, that the Defendant shall regularly keep his attorney apprised of his whereabouts.

It is so ordered.