45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Manuel PELAYO-SILVA Defendant-Appellant.
 No. 93-10472.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1994.
Decided Dec. 28, 1994.
 
 Before: TANG, SCHROEDER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Manuel Pelayo-Silva was convicted by a jury of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district judge sentenced Pelayo-Silva to 235 months imprisonment, to be followed by 60 months supervised release. On appeal, Pelayo-Silva argues that the district court erred in denying his motion to disclose the name of the confidential informant whose tip resulted in his arrest. He also contends that the evidence was insufficient to support a conviction for either offense. Finally, Pelayo-Silva argues that the district court erred in denying him a downward departure under the Guidelines. We affirm both the conviction and the sentence.
 
 1. Motion for Disclosure
 
 3
 Pelayo-Silva first argues that the district court violated his rights under the confrontation clause by denying his motion to disclose the identity of the government's confidential informant.[1] The district court's decision to deny a motion to compel disclosure of an informant's identity is reviewed for an abuse of discretion. United States v. Williams, 898 F.2d 1400, 1402 (9th Cir.1990). After reviewing the materials submitted to the district court in camera, we conclude that there was no abuse of discretion.
 
 
 4
 In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court set out the basic standard for determining whether a criminal defendant is entitled to disclosure of the identity of a confidential informant. The Court stated that: "Where the disclosure of an informer's identity ... is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60. However, it declined to adopt a fixed rule for determining when disclosure should be required, stating the problem requires "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62.
 
 
 5
 In this case, the informants provided the government with the make, model, and license plate numbers of the two cars carrying cocaine across the border and told them when the cars would be arriving. The government provided a letter to the district court for in camera inspection regarding the question of disclosure. This letter reveals the roles played by the informants and the extent of their knowledge regarding the alleged conspiracy. Having reviewed this letter, we conclude that disclosure would not have been relevant and helpful to Pelayo-Silva's defense, nor was it necessary to a fair determination of his case. Consequently, under the Roviaro test, disclosure was not required.
 
 2. Sufficiency of the evidence
 
 6
 Pelayo-Silva next argues that the evidence was insufficient to convict him on either count. In determining whether evidence was sufficient to convict, the reviewing court must determine whether any rational trier of fact could have found each of the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Evidence should be viewed in the light most favorable to the prosecution. Id. at 319.
 
 
 7
 a. Conspiracy to Possess with Intent to Distribute
 
 
 8
 The jury found Pelayo-Silva guilty of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846. To prove conspiracy, the government must demonstrate the existence of an agreement to engage in criminal activity. United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.) cert. denied, 493 U.S. 863 (1989).[2] An agreement may be inferred from the facts and circumstances of the case. Id.
 
 
 9
 Here there is little question that, viewed in the light most favorable to the government, the evidence supports a conviction for conspiracy. Pelayo-Silva arrived at the car wash shortly after the loaded vehicles arrived, and began speaking with Rodriguez and an unidentified person. He returned later that evening with co-defendants Rodriguez and Moreno, looked under the hood of the loaded Taurus, and handed the tow truck driver a slip of paper with directions to the Tucson location where the Taurus was to be delivered. He was present in the car as Moreno drove to Tucson behind the tow truck. Finally, Agent Dunlap testified that Pelayo-Silva admitted after his arrest that there was cocaine in the Taurus' trunk and that he was to be paid $5,000 for his role. Although Pelayo-Silva denied making this admission, a rational trier of fact could have believed Agent Dunlap. Taken together, the evidence was sufficient to warrant a finding that there was an agreement to engage in criminal activity to which Pelayo-Silva was party.
 
 
 10
 b. Attempted Possession with Intent to Distribute
 
 
 11
 To prove possession with intent to distribute, the government must establish that the defendant: (1) knowingly (2) possessed the cocaine (3) with the intent to distribute it. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). Possession may be constructive as well as actual. United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986). Concerted activity on the part of co-conspirators may warrant an inference of constructive possession by each. United States v. Hernandez, 876 F.2d 774, 780 (9th Cir.), cert. denied, 493 U.S. 863 (1989). However, possession requires dominion and control over the drug--mere proximity is not enough. United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988). To show an attempt to possess, the government must prove a "substantial step in the course of conduct planned to culminate in the commission of the crime." United States v. Runco, 873 F.2d 1230, 1232 (9th Cir.1989).
 
 
 12
 Viewed in the light most favorable to the government, there was sufficient evidence from which a rational trier of fact could have found attempted possession. Pelayo-Silva looked under the hood of the car, handed the direction slip to the tow truck driver, and proceeded with his codefendants to Tucson behind the Taurus. This is more than enough to show a substantial step toward commission of the crime. There was considerably more evidence connecting Pelayo-Silva to the loaded vehicle than there was in the primary case on which he relies, United States v. Ocampo, 937 F.2d 485 (9th Cir.1991) (finding evidence insufficient where only evidence connecting defendant to drugs was his fingerprint on windshield of car parked at residence where he was staying). If the jury believed the testimony of Agent Dunlap, it could have found the required elements for attempted possession beyond a reasonable doubt.
 
 3. Sentencing
 
 13
 Finally, Pelayo-Silva argues that the district court erred in denying his request for a downward departure. He contends that, if he was involved at all in the conspiracy, his involvement was only tangential. Whether this is construed as an argument for a downward departure or as an argument for a role-in-the-offense reduction, his argument is without merit.[3]
 
 
 14
 A court must sentence the defendant within the applicable range unless there exists an aggravating or mitigating circumstance of a kind or to a degree not taken into account by the Commission in formulating the Guidelines. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991). A discretionary refusal to depart downward is not subject to appellate review. United States v. Rose, 20 F.3d 367, 375 (9th Cir.1994). However, the reviewing court may review a district court's determination that it lacked the discretion to depart downward. United States v. Cantu, 12 F.3d 1506, 1510 (9th Cir.1993). Even if we assume that the district court determined that it lacked discretion to depart downward, its decision was clearly correct. The court lacked authority to depart downward based on Pelayo-Silva's level of participation, because the Commission took this factor into account in formulating the Guidelines. See U.S.S.G. Sec. 3B1.2 (authorizing four-level reduction for minimal participation in the offense and two-level reduction for minor participation).
 
 
 15
 Even if Pelayo-Silva's request for a downward departure is construed as a request for a role-in-the-offense reduction, he was not entitled to such a reduction. Whether the defendant was a minor or minimal participant is a factual determination reviewed for clear error. United States v. Madera-Gallegos, 945 F.2d 264, 268-69 (9th Cir.1991). A reduction for minor participation is appropriate when the defendant was "less culpable than most other participants." U.S.S.G. Sec. 3B1.2 (n. 3). The commentary accompanying section 3B1.2 notes that this reduction is heavily dependent on the facts of the individual case. Here, the district court could have concluded that Pelayo-Silva was no less culpable than his co-conspirators. Its decision to deny a reduction for minor or minimal participation was not clearly erroneous.
 
 CONCLUSION
 
 16
 Based on a review of the materials submitted to the district court for in camera review, we conclude that the district court did not abuse its discretion in denying the motion to disclose the identity of the government's confidential informant. We also conclude that the evidence was sufficient to convict him with respect to both counts, i.e. conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine. Finally, we conclude that the district court did not err in denying Pelayo-Silva a reduction or a downward departure for his role in the offense.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Pelayo-Silva identifies the Confrontation Clause as the source of his claim, cases in this circuit cite due process as the source of a defendant's right to discover the identity of a confidential informant. See United States v. Ordonez, 737 F.2d 793, 807 (9th Cir.1984); United States v. Williams, 898 F.2d 1400, 1401-02 (9th Cir.1990)
 
 
 [2]
 Although this circuit previously required an overt act to prove conspiracy, the Supreme Court recently held that 21 U.S.C. Sec. 846 does not require an overt act. United States v. Shabani, 63 U.S.L.W. 4001 (Nov. 1, 1994)
 
 
 [3]
 At his sentencing hearing, Pelayo-Silva requested a reduction for minor or minimal participation under U.S.S.G. Sec. 3B1.2. In his opening brief, he contends that he was actually requesting a downward departure. In his reply brief, the defendant states that the difference between a reduction in the base offense level and a downward departure is "semantic." We give the defendant the benefit of the doubt, and consider whether he is entitled to either