134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jesus GONZALEZ, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Maira SANCHEZ, Defendant-Appellant.
 Nos. 96-50351, 96-50510.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted as to Case No. 95-50510
 
 1
 Jan. 5, 1998.**
 
 
 2
 Jan. 22, 1998.
 
 
 3
 Before LAY,*** GOODWIN, AND SCHROEDER Circuit Judges.
 
 
 4
 MEMORANDUM*
 
 
 5
 BAIRD, District Judge.
 
 
 6
 Defendant, Jesus Gonzalez, appeals from the 120-month sentence imposed upon him by the district court, following his guilty plea to conspiracy in violation of 21 U.S.C. § 846 and attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Co-defendant Maira Sanchez appeals from the 90-month prison sentence imposed upon her by the district court, following her guilty plea to conspiracy in violation of 21 U.S.C. § 846 and attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).
 
 
 7
 We have jurisdiction in both cases under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.
 
 I.
 
 8
 Gonzalez assigns error to the district court's determination that he did not qualify for relief under the "safety valve" provision of Sentencing Guideline § 5C1.2. However, because he did not provide the government with all the information he had concerning his charged offenses, there was no error and the judgment is affirmed.
 
 II.
 
 9
 Sanchez assigns error to the district court's determination that she was not a minimal or minor participant in the concerted criminal activities with which she was charged, and thus, did not qualify for any downward adjustment in her offense level pursuant to Sentencing Guideline § 3B1.2.
 
 
 10
 Sentencing Guideline § 3B1.2, entitled "Mitigating Role," provides for a downward adjustment in a defendant's offense level of between two and four if the sentencing court finds that the defendant played a minimal or minor role in the charged offense. The text of § 3B1.2 states:
 
 
 11
 Based on the defendant's role in the offense, decrease the offense level as follows:
 
 
 12
 (a) If the defendant was a minimal participant in any criminal activity, decrease by four levels.
 
 
 13
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 14
 In cases falling between (a) and (b), decrease by three levels.
 
 
 15
 U.S.S.G. § 3B1.2.
 
 
 16
 A defendant is deemed to have played a minimal role in the charged offense if he or she is plainly among the least culpable of those involved in the charged offense. See Commentary to U.S.S.G. § 3B1.2; United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994)(holding the relevant comparison is between the defendant's conduct and the conduct of his co-participants). The Commentary to § 3B1.2 provides that a "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." Commentary to U.S.S.G. § 3B1.2.
 
 
 17
 A defendant is deemed to have played a minor role in the charged offense if he or she is less culpable than most other participants and his or her role cannot be described as minimal. Commentary to U.S.S.G. § 3B1.2. However, merely being less culpable than one's co-conspirators does not necessarily result in minor status. Benitez, 34 F.3d at 1498. The Commentary to § 3B1.2 provides that to be eligible for adjustments under this section, the defendant must be "substantially less culpable than the average participant." Commentary to U.S.S.G. § 3B1.2 (emphasis added).
 
 
 18
 Ultimately, whether a defendant qualifies for either minimal or minor participant status depends heavily on the facts of the particular case. United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990). The defendant has the burden of proving to the district court by a preponderance of the evidence that he or she is entitled to a mitigating role reduction under § 3B1.2. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). This burden is very hard to meet in light of the fact that this Court has consistently held that a downward adjustment under § 3B1.2 "is to be used infrequently and only in exceptional circumstances." United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994).
 
 
 19
 After considering all the evidence presented in the case, the district court determined that Sanchez did not qualify for a mitigating role deduction. Because the evidence presented supported this determination, there was no error and the judgment is affirmed.
 
 
 20
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3